Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
RAMON D. VINCENT

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| RAMON D. VINCENT,<br><br>            Plaintiff,<br><br>      v.<br><br>MONTEREY FINANCIAL SERVICES, LLC; RESORTCOM INTERNATIONAL, LLC; UNIVERSAL VACATION CLUB, *doing business as* Universal Vacation Club International; and CLUB MANAGER, LLC,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Case No.:** 5:21-cv-85

**PLAINTIFF'S COMPLAINT**

## PLAINTIFF'S COMPLAINT

Plaintiff, RAMON D. VINCENT ("Plaintiff"), by and through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, MONTEREY FINANCIAL SERVICES, LLC; RESORTCOM INTERNATIONAL, LLC;

UNIVERSAL VACATION CLUB, *doing business as* Universal Vacation Club International; and CLUB MANAGER, LLC ("Monterey", "ResortCom", UVCI", "Club Manager" respectively and "Defendants" collectively):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Counts II through V of Plaintiff's Complaint are based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

3. Counts VI, IX, and XII of Plaintiff's Complaint are based on the Unfair Prong of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

4. Counts VII, X, and XIII of Plaintiff's Complaint are based on the Fraudulent Prong of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

5. Counts VIII, XI, and XIV of Plaintiff's Complaint are based on the Unlawful Prong of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

6. Each of the three UCL prongs provides a "separate and distinct theory of liability" and an independent basis for relief." *Cappello v. Walmart Inc.*, 394 F. Supp. 3d 1015, 1018 (N.D. Cal. 2019).

## JURISDICTION AND VENUE

7. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

8.  This court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

9.  Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District and a material portion of the events at issue occurred in this District.

**PARTIES**

10. Plaintiff is a natural person residing in the City of Perris, Riverside County, State of California.

11. Plaintiff is a consumer and a debtor as those terms are defined by the FDCPA and RFDCPA respectively.

12. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the RFDCPA.

13. Monterey is a debt collector as that term is defined by the FDCPA and the RFDCPA.

14. ResortCom is a debt collector as that term is defined by the RFDCPA.

15. UVCI is a debt collector as that term is defined by the RFDCPA.

16. Club Manager is a debt collector as that term is defined by the RFDCPA.

17. Monterey is a California limited liability company based in the City of Oceanside,

San Diego County, State of California

18. ResortCom is a Nevada limited liability company headquartered in the City of Las Vegas, Clark County, State of Nevada.

19. UVCI is a California nonprofit corporation headquartered in the City of Las Vegas, Clark County, State of Nevada.

20. Club Manager is a Wyoming limited liability company based in the City of Cheyenne, Laramie County, State of Wyoming.

21. Defendants are business entities engaged in the collection of debt within the State of California.

22. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

23. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

24. When an unpaid, outstanding account is placed with Monterey it is assigned a file number.

25. The principal purpose of Monterey's business is the collection of debts allegedly owed to third parties.

26. Monterey regularly collects, or attempts to collect, debts allegedly owed to third parties.

27. During the course of their attempts to collect consumer debts, Defendants send

4

to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

28. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS AS TO DEBT COLLECTION

29. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly arising from a timeshare purchase from Constructora Los Arcos del Cabo, S.A. de C.V., *doing business as* The Villa Group (hereinafter, "The Villa Group") a Mexico corporation.

30. The alleged debt at issue arises from transactions for personal, family, and household purposes.

31. ResortCom, UVCI, and Club Manager will also be referred to collectively as the "Timeshare Defendants".

32. Timeshare Defendants are United States-based entities who act on the behalf of The Villa Group.

33. Timeshare Defendants also do business as The Villa Group.

34. At all times relevant hereto, Monterey was engaged by one or more of the Timeshare Defendants to collect the alleged debt from Plaintiff on their behalf.

35. In or around January 2020, Monterey began placing collection calls to Plaintiff's cellular telephone at 818-633-6664 in an attempt to collect the alleged debt.

36. On January 17, 2020, Plaintiff answered one of Monterey's collection calls and disputed owing the alleged debt and requested that Monterey stop calling Plaintiff.

37. Despite Plaintiff's dispute of the alleged debt and request that Monterey stop calling Plaintiff, Monterey continued to do so unabated.

38. On January 17, 2020, after receiving at least one subsequent call from Monterey, Plaintiff returned a call to Monterey and spoke to another of Monterey's collectors.

39. During the above-referenced call, Plaintiff again disputed owing the alleged debt and requested that Monterey stop calling Plaintiff.

40. During the above-referenced calls, Monterey's collectors ignored Plaintiff's disputes of the alleged debt, ignored Plaintiff's requests that Monterey stop calling Plaintiff, and even taunted Plaintiff regarding the alleged debt.

41. Monterey also leaves voicemail messages for Plaintiff.

42. With regard to the above-referenced voicemail messages:

    a. Monterey's collectors failed to disclose that the calls were from Monterey Financial Services, LLC;

    b. Monterey's collectors failed to disclose that the calls were made in an

attempt to collect a debt; and

c. Monterey's collectors gave 877-775-3091 as their callback number—which is one of Monterey's telephone numbers.

43. The natural consequences of Monterey's statements and actions was to produce an unpleasant and/or hostile situation between Monterey and Plaintiff.

44. The natural consequences of Monterey's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

45. The natural consequences of Monterey's actions was to cause Plaintiff mental distress.

### COUNT I
### MONTEREY FINANCIAL SERVICES, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

46. Monterey violated the FDCPA based on the following:

a. Monterey violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Monterey employed the above-referenced unlawful debt collection tactics in an attempt to coerce Plaintiff into payment of the alleged debt;

b. Monterey further violated § 1692d of the FDCPA by ignoring Plaintiff's repeated requests for Monterey to stop calling Plaintiff;

c. Monterey violated § 1692d(2) of the FDCPA by the use language the natural consequence of which is to abuse the hearer when Monterey's

collectors taunted Plaintiff with regard to the alleged debt;

d.  Monterey violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Monterey called Plaintiff at an annoying and harassing rate especially given that Plaintiff repeatedly requested that Monterey stop calling Plaintiff;

e.  Monterey violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Monterey's collectors left voicemail messages for Plaintiff which failed to disclose that the calls were from Monterey Financial Services, LLC;

f.  Monterey violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Monterey engaged in at least the following discrete violations of § 1692e;

g.  Monterey violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Monterey engaged in at least all of the other discrete violations of § 1692e alleged herein;

h. Monterey violated § 1692e(11) of the FDCPA when Monterey's collectors left Plaintiff voicemail messages that did not state that the communications were made in an attempt to collect a debt;

i. Monterey violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Monterey engaged in all of the misconduct alleged herein;

j. Monterey violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Monterey employed coercive and harassing tactics in its attempts to collect the alleged debt; and

k. Monterey violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Monterey ignored Plaintiff's oral dispute of the alleged debt and employed coercive and harassing tactics in its attempts to collect the alleged debt.

WHEREFORE, Plaintiff, RAMON D. VINCENT, respectfully requests judgment be entered against Defendant, MONTEREY FINANCIAL SERVICES, LLC, for the following:

47. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

48. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

49. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**MONTEREY FINANCIAL SERVICES, LLC VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

50. Plaintiff repeats and re-alleges paragraphs 1-46 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

51. Monterey violated the RFDCPA based on the following:

   a. Monterey violated § 1788.11(b) of the RFDCPA by placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents when Monterey's collectors left voicemail messages for Plaintiff which failed to disclose that the calls were from Monterey Financial Services, LLC;

   b. Monterey violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called when Monterey called Plaintiff at an annoying and harassing rate especially given that Plaintiff repeatedly requested that Monterey stop calling Plaintiff;

   c. Monterey violated § 178811(e) of the RFDCPA by communicating, by

telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances when Monterey called Plaintiff at an annoying and harassing rate especially given that Plaintiff repeatedly requested that Monterey stop calling Plaintiff; and

d. Monterey violated the § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* as detailed *supra* in Count I.

WHEREFORE, Plaintiff, RAMON D. VINCENT, respectfully requests judgment be entered against Monterey, MONTEREY FINANCIAL SERVICES, LLC, for the following:

52. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

53. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

54. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## RESORTCOM INTERNATIONAL, LLC VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

55. Plaintiff repeats and re-alleges paragraphs 1-45 and 51-54 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

56. As alleged above, ResortCom is a debt collector as defined by the RFDCPA.

57. ResortCom engaged the services of fellow debt collector Monterey to collect the alleged debt from Plaintiff.

58. ResortCom has the burden to monitor the activities of Monterey.

59. Monterey violated the RFDCPA.

60. ResortCom is vicariously liable for the unlawful collection activities carried out by Monterey on its behalf.

WHEREFORE, Plaintiff, RAMON D. VINCENT, respectfully requests judgment, both jointly and severally, be entered against Defendant, RESORTCOM INTERNATIONAL, LLC, for the following:

61. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

62. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

63. Any other relief that this Honorable Court deems appropriate.

**COUNT IV**
**UNIVERSAL VACATION CLUB VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

64. Plaintiff repeats and re-alleges paragraphs 1-45 and 51-54 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

65. As alleged above, UVCI is a debt collector as defined by the RFDCPA.

66. UVCI engaged the services of fellow debt collector Monterey to collect the alleged debt from Plaintiff.

67. UVCI has the burden to monitor the activities of Monterey.

68. Monterey violated the RFDCPA.

69. UVCI is vicariously liable for the unlawful collection activities carried out by Monterey on its behalf.

WHEREFORE, Plaintiff, RAMON D. VINCENT, respectfully requests judgment, both jointly and severally, be entered against Defendant, UNIVERSAL VACATION CLUB, for the following:

70. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

71. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

72. Any other relief that this Honorable Court deems appropriate.

## COUNT V
## CLUB MANAGER, LLC VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

73. Plaintiff repeats and re-alleges paragraphs 1-45 and 51-54 of Plaintiff's Complaint as the allegations in Count V of Plaintiff's Complaint.

74. As alleged above, Club Manager is a debt collector as defined by the RFDCPA.

75. Club Manager engaged the services of fellow debt collector Monterey to collect the alleged debt from Plaintiff.

76. Club Manager has the burden to monitor the activities of Monterey.

77. Monterey violated the RFDCPA.

78. Club Manager is vicariously liable for the unlawful collection activities carried out by Monterey on its behalf.

WHEREFORE, Plaintiff, RAMON D. VINCENT, respectfully requests judgment, both jointly and severally, be entered against Defendant, CLUB MANAGER, LLC, for the following:

79. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

80. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

81. Any other relief that this Honorable Court deems appropriate.

**FACTUAL ALLEGATIONS AS TO UNFAIR AND DECEPTIVE PRACTICES**

82. In July 2018, Plaintiff and his wife were on their honeymoon in Mexico.

83. Plaintiff and his wife were solicited by one or more Timeshare Defendants in Mexico during their honeymoon.

84. One or more Timeshare Defendants plied Plaintiff and his wife with excessive alcoholic beverages during their high-pressure solicitation of timeshares.

85. Plaintiff and his wife repeatedly told one or more Timeshare Defendants that they had no plans of returning to the resort that they were at, or Mexico in general, and were only there for their honeymoon.

86. One or more Timeshare Defendants represented to Plaintiff and his wife that the timeshare package being solicited would also permit Plaintiff and his wife to stay at timeshare resorts in the United States.

87. The foregoing representation made by one or more Timeshare Defendants is false.

88. On or about July 8, 2018, based on Timeshare Defendants' actions, omissions, and misrepresentations, Plaintiff and his wife purportedly entered into the purchase of a timeshare.

89. Plaintiff and his wife were intoxicated, of which Timeshare Defendants were complicit, and therefore did not have the requisite capacity to enter into the purported purchase of a timeshare.

**COUNT VI:**
**RESORTCOM INTERNATIONAL, LLC VIOLATED THE UNFAIR PRONG OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200**

90. Plaintiff repeats and re-alleges paragraphs 1-33 and 82-89 of Plaintiff's Complaint as the allegations in Count VI of Plaintiff's Complaint.

91. ResortCom's business practices are unfair as recognized by the UCL.

92. ResortCom's business practices harmed Plaintiff.

93. ResortCom's business practices do not have benefits.

94. *Arguendo*, any benefits ResortCom's business practices may have, they do not outweigh the harm to Plaintiff.

15

95. Plaintiff has suffered an accompanying economic injury, of at least $5,000.00, caused by ResortCom's business practices.

WHEREFORE, Plaintiff, RAMON D. VINCENT, respectfully requests judgment, both jointly and severally, be entered against Defendant, RESORTCOM INTERNATIONAL, LLC, for the following:

96. Actual damages in an amount to be determined at trial.

97. Attorney's fees and costs.  Cal. Civ. Proc. Code § 1021.5.

98. Any other relief that this Honorable Court deems appropriate.

**COUNT VII:**
**RESORTCOM INTERNATIONAL, LLC VIOLATED THE FRAUDULENT PRONG OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200**

99. Plaintiff repeats and re-alleges paragraphs 1-33 and 82-89 of Plaintiff's Complaint as the allegations in Count VII of Plaintiff's Complaint.

100.     ResortCom's business practices are fraudulent as recognized by the UCL.

101.     ResortCom's business practices would likely deceive members of the public.

102.     ResortCom's business practices harmed Plaintiff.

103.     ResortCom's business practices do not have benefits.

104.     *Arguendo*, any benefits ResortCom's business practices may have, they do not outweigh the harm to Plaintiff.

105.     Plaintiff has suffered an accompanying economic injury, of at least

$5,000.00, caused by ResortCom's business practices.

WHEREFORE, Plaintiff, RAMON D. VINCENT, respectfully requests judgment, both jointly and severally, be entered against, Defendant, RESORTCOM INTERNATIONAL, LLC, for the following:

106.    Actual damages in an amount to be determined at trial.

107.    Attorney's fees and costs.  Cal. Civ. Proc. Code § 1021.5.

108.    Any other relief that this Honorable Court deems appropriate.

**COUNT VIII:**
**RESORTCOM VIOLATED THE UNLAWFUL PRONG OF THE**
**CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF.**
**CODE § 17200**

109.    Plaintiff repeats and re-alleges paragraphs 1-33 and 82-89 of Plaintiff's Complaint as the allegations in Count VIII of Plaintiff's Complaint.

110.    ResortCom's violations of the other two UCL prongs are predicate violations and therefore are unlawful.

111.    ResortCom's violations of the RFDCPA are predicate violations and therefore are unlawful.

112.    Plaintiff has suffered an accompanying economic injury, of at least $5,000.00, caused by ResortCom's predicate violations.

WHEREFORE, Plaintiff, RAMON D. VINCENT, respectfully requests judgment, both jointly and severally, be entered against Defendant, RESORTCOM INTERNATIONAL, LLC, for the following:

113.     Actual damages in an amount to be determined at trial.

114.     Attorney's fees and costs.  Cal. Civ. Proc. Code § 1021.5.

115.     Any other relief that this Honorable Court deems appropriate.

**COUNT IX:**
**UNIVERSAL VACATION CLUB VIOLATED THE UNFAIR PRONG OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200**

116.     Plaintiff repeats and re-alleges paragraphs 1-33 and 82-89 of Plaintiff's Complaint as the allegations in Count IX of Plaintiff's Complaint.

117.     UVCI's business practices are unfair as recognized by the UCL.

118.     UVCI's business practices harmed Plaintiff.

119.     UVCI's business practices do not have benefits.

120.     *Arguendo*, any benefits UVCI's business practices may have, they do not outweigh the harm to Plaintiff.

121.     Plaintiff has suffered an accompanying economic injury, of at least $5,000.00,  caused by UVCI's business practices.

WHEREFORE, Plaintiff, RAMON D. VINCENT, respectfully requests judgment, both jointly and severally, be entered against Defendant, UNIVERSAL VACATION CLUB, for the following:

122.     Actual damages in an amount to be determined at trial.

123.     Attorney's fees and costs.  Cal. Civ. Proc. Code § 1021.5.

124.     Any other relief that this Honorable Court deems appropriate.

**COUNT X:**
**UNIVERSAL VACATION CLUB VIOLATED THE FRAUDULENT PRONG
OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF.
CODE § 17200**

125.     Plaintiff repeats and re-alleges paragraphs 1-33 and 82-89 of Plaintiff's

Complaint as the allegations in Count X of Plaintiff's Complaint.

126.     UVCI's business practices are fraudulent as recognized by the UCL.

127.     UVCI's business practices would likely deceive members of the public.

128.     UVCI's business practices harmed Plaintiff.

129.     UVCI's business practices do not have benefits.

130.     *Arguendo*, any benefits UVCI's business practices may have, they do not

outweigh the harm to Plaintiff.

131.     Plaintiff has suffered an accompanying economic injury, of at least

$5,000.00, caused by UVCI's business practices.

WHEREFORE, Plaintiff, RAMON D. VINCENT, respectfully requests

judgment, both jointly and severally, be entered against, Defendant, UNIVERSAL

VACATION CLUB, for the following:

132.     Actual damages in an amount to be determined at trial.

133.     Attorney's fees and costs.  Cal. Civ. Proc. Code § 1021.5.

134.     Any other relief that this Honorable Court deems appropriate.

**COUNT XI:**
**UNIVERSAL VACATION CLUB VIOLATED THE UNLAWFUL**
**PRONG OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL.**
**BUS. & PROF. CODE § 17200**

135.     Plaintiff repeats and re-alleges paragraphs 1-33 and 82-89 of Plaintiff's

Complaint as the allegations in Count XI of Plaintiff's Complaint.

136.     UVCI's violations of the other two UCL prongs are predicate violations

and therefore are unlawful.

137.     UVCI's violations of the RFDCPA are predicate violations and therefore

are unlawful.

138.     Plaintiff has suffered an accompanying economic injury, of at least

$5,000.00, caused by UVCI's predicate violations.

WHEREFORE, Plaintiff, RAMON D. VINCENT, respectfully requests

judgment, both jointly and severally, be entered against Defendant, UNIVERSAL

VACATION CLUB, for the following:

139.     Actual damages in an amount to be determined at trial.

140.     Attorney's fees and costs.  Cal. Civ. Proc. Code § 1021.5.

141.     Any other relief that this Honorable Court deems appropriate.

**COUNT XII:**
**CLUB MANAGER, LLC VIOLATED THE UNFAIR PRONG OF THE**
**CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §**
**17200**

142.     Plaintiff repeats and re-alleges paragraphs 1-33 and 82-89 of Plaintiff's

Complaint as the allegations in Count XII of Plaintiff's Complaint.

143.    Club Manager's business practices are unfair as recognized by the UCL.

144.    Club Manager's business practices harmed Plaintiff.

145.    Club Manager's business practices do not have benefits.

146.    *Arguendo*, any benefits Club Manager's business practices may have, they do not outweigh the harm to Plaintiff.

147.    Plaintiff has suffered an accompanying economic injury, of at least $5,000.00, caused by Club Manager's business practices.

WHEREFORE, Plaintiff, RAMON D. VINCENT, respectfully requests judgment, both jointly and severally, be entered against Defendant, CLUB MANAGER, LLC, for the following:

148.    Actual damages in an amount to be determined at trial.

149.    Attorney's fees and costs.  Cal. Civ. Proc. Code § 1021.5.

150.    Any other relief that this Honorable Court deems appropriate.

## COUNT XIII:
## CLUB MANAGER, LLC VIOLATED THE FRAUDULENT PRONG OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200

151.    Plaintiff repeats and re-alleges paragraphs 1-33 and 82-89 of Plaintiff's Complaint as the allegations in Count XIII of Plaintiff's Complaint.

152.    Club Manager's business practices are fraudulent as recognized by the UCL.

153.    Club Manager's business practices would likely deceive members of the public.

154.    Club Manager's business practices harmed Plaintiff.

155.    Club Manager's business practices do not have benefits.

156.    *Arguendo*, any benefits Club Manager's business practices may have, they do not outweigh the harm to Plaintiff.

157.    Plaintiff has suffered an accompanying economic injury, of at least $5,000.00, caused by Club Manager's business practices.

WHEREFORE, Plaintiff, RAMON D. VINCENT, respectfully requests judgment, both jointly and severally, be entered against, Defendant, CLUB MANAGER, LLC, for the following:

158.    Actual damages in an amount to be determined at trial.

159.    Attorney's fees and costs.  Cal. Civ. Proc. Code § 1021.5.

160.    Any other relief that this Honorable Court deems appropriate.

## COUNT XVI:
## CLUB MANAGER, LLC VIOLATED THE UNLAWFUL PRONG OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200

161.    Plaintiff repeats and re-alleges paragraphs 1-33 and 82-89 of Plaintiff's Complaint as the allegations in Count XVI of Plaintiff's Complaint.

162.    Club Manager's violations of the other two UCL prongs are predicate violations and therefore are unlawful.

163.      Club Manager's violations of the RFDCPA are predicate violations and therefore are unlawful.

164.      Plaintiff has suffered an accompanying economic injury, of at least $5,000.00, caused by Club Manager's predicate violations.

WHEREFORE, Plaintiff, RAMON D. VINCENT, respectfully requests judgment, both jointly and severally, be entered against Defendant, CLUB MANAGER, LLC, for the following:

165.      Actual damages in an amount to be determined at trial.

166.      Attorney's fees and costs.  Cal. Civ. Proc. Code § 1021.5.

Any other relief that this Honorable Court deems appropriate.


                                      Respectfully submitted,
DATED:  January 17, 2021          AGRUSS LAW FIRM, LLC


                            By /s/ Michael S. Agruss
                               Michael S. Agruss
                               Attorney for Plaintiff
                               RAMON D. VINCENT